**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-41458

Summary Calendar

---

GLENNA SCHUBERT; ET AL
Plaintiffs

ANGELENA SIMMONS
Plaintiff - Appellant

VERSUS

J C PENNY COMPANY, INCORPORATED; ET AL
Defendants

J C PENNY COMPANY, INCORPORATED
Defendant - Appellee

---

Appeal from the United States District Court
for the Eastern District of Texas
(2:95-CV-180)

---

March 1, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

Per Curiam:[1]

Angelena Simmons ("Simmons") sued her former employer, J.C. Penny, for violating her rights under the Americans With Disabilities Act ("ADA"). She appeals the district court's grant of summary judgment in favor of J.C. Penny. For the following

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons, we affirm.

## BACKGROUND

In 1992, J.C. Penny relocated its corporate headquarters to Legacy Drive in Plano Texas ("Legacy Complex"). Simmons worked as a print operator for J.C. Penny at the time of the move. Simmons complained to J.C. Penny's management that the indoor air and environment at the Legacy Complex was causing her and other employees to become ill and unable to work. From 1992 until her termination in 1994, J.C. Penny repeatedly warned and counseled Simmons about her excessive absences and tardiness. In June 1994, Simmons received a final warning for excessive tardiness. In August 1994, J.C. Penny fired Simmons for arriving late three more times.

Simmons, along with four other plaintiffs, sued J.C. Penny and several other defendants in Texas state court. Among other things, Simmons alleged that J.C. Penny violated the ADA by discriminating and retaliating against her for complaining about the poor air quality at the Legacy Complex. J.C. Penny and the other defendants removed the case to federal court. The district court remanded the state law claims to state court but retained jurisdiction over Simmons' ADA claim. J.C. Penny moved for summary judgment. The district court granted J.C. Penny's motion. Simmons appeals.

## DISCUSSION

I. Jurisdiction

We must examine the basis of our jurisdiction on our own

motion if necessary.  See <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987).  Rule 58 provides in part that "[every judgment shall be set forth on a separate document.  A judgment is effective only when so set forth."  Fed. R. Civ. P. 58.  The requirement of a separate document may be waived, however.  See <u>Simon v. City of Clute, Tex.</u>, 825 F.2d 940, 942 (5th Cir. 1987).  The district court entered an order granting Penny's motion for summary judgment but failed to enter a final judgment dismissing Simmons' complaint.  Because J.C. Penny waived its objections to the lack of a separate document, we may consider Simmons' appeal.

II.  Summary Judgment on the ADA Claims

We review the grant of summary judgment <u>de</u> <u>novo</u>, using the same criteria used by the district court.  See <u>Easley v. Southern Shipbuilding Corp.</u>, 936 F.2d 839, 841-42 (5th Cir. 1991).

A.  ADA Disability Claim

To establish an ADA discrimination claim, a plaintiff must show that:  (1) she has a disability; (2) she was qualified for the job; and (3) an adverse employment decision was made solely because of her disability.  See <u>Rizzo v. Children's World Learning Centers, Inc.</u>, 84 F.3d 758, 763 (5th Cir. 1996).  "[O]nce established, [a] <u>prima</u> <u>facie</u> case raises an inference of discrimination.  The burden of production then shifts to the defendant to proffer a legitimate, nondiscriminatory reason for the challenged employment action." <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989, 992 (5th Cir. 1996) (en banc) (citations omitted).  "If the [defendant] produces any evidence which, taken as true, would permit the conclusion that

3

there was a nondiscriminatory reason for the adverse action, then the [defendant] has satisfied its burden of production." Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995).

If the defendant meets its burden, the presumption of discrimination disappears. See Rhodes, 75 F.3d at 993. "However, the plaintiff is accorded the opportunity to demonstrate that the defendant's articulated rationale was merely a pretext for discrimination." Id. A plaintiff can avoid summary judgment by (1) creating a fact issue as to whether the defendant's stated reason is what actually motivated the defendant and (2) creating a reasonable inference that the plaintiff's disability was a determinative factor in the adverse employment action. See id. at 994.

In the case at bar, the district court assumed that Simmons established a prima facie ADA discrimination case. The district court concluded that J.C. Penny's proffered reason for firing Simmons--that she repeatedly failed to follow its tardiness policy--supported a finding that Simmons was not fired because of her disability. Because J.C. Penny proffered a nondiscriminatory reason for firing Simmons, the presumption of discrimination disappeared and Simmons was given an opportunity to show that the proffered reason was a pretext for discrimination.

The district court found that Simmons presented some evidence that J.C. Penny's proffered reason was a pretext. According to Simmons, J.C. Penny fired her for complaining about the poor air quality. Noting that firing someone for complaining about air

4

quality does not violate the ADA, the district court concluded that Simmons' evidence failed to created a genuine issue of material fact as to whether J.C. Penny's reason for firing her was a pretext for discrimination.

Simmons maintains that the district court erred by granting summary judgment for J.C. Penny.[2] We disagree. Simmons' evidence does not create a reasonable inference that her alleged disability was a determinative factor in J.C. Penny's decision to fire her. Simmons presented some evidence that J.C. Penny terminated her because of her complaints about the air quality at the Legacy Complex. She has presented no evidence, however, that J.C. Penny terminated her because of her alleged disability. Accordingly, the district court properly granted summary judgment for J.C. Penny on Simmons' ADA discrimination claim.

B.    ADA Retaliation Claim

Simmons' allegation that J.C. Penny terminated her in retaliation for complaining about the poor indoor air quality does not implicate the ADA's anti-retaliation provision. See 42 U.S.C.A. § 12203(a) (West 1998). The anti-retaliation provision provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made illegal by this chapter or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." Id.

---

[2]Simmons also argues that she offered direct evidence of discrimination, making summary judgment inappropriate. We find no direct evidence of discrimination, however.

There is no evidence that Simmons was terminated for opposing an ADA violation or participating in an ADA-related investigation or proceeding. Therefore, Simmons failed to create an issue of material fact as to her ADA retaliation claim.

## CONCLUSION

We affirm the summary judgment in favor of J.C. Penny.

AFFIRMED.